EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Puerto Rico Fast Ferries, LLC<br><br>Recurrido<br><br>v.<br><br>Autoridad de Alianzas Público-Privadas<br><br>Peticionaria<br><br>Autoridad de Transporte Marítimo<br><br>Recurrida<br><br>HMS Ferries, Inc.; HMSI Ferries-Puerto Rico, LLC<br><br>Proponente-Recurrido | Certiorari<br><br>2022 TSPR 102<br><br>210 DPR ____ |

Número del Caso: CC-2021-164

Fecha: 4 de agosto de 2022

Tribunal de Apelaciones:

Panel II

Abogados de la parte peticionaria:

Lcdo. Herman G. Colberg Guerra
Lcda. Liz Arelis Cruz Maisonave

Abogados de la parte recurrida:

Lcdo. Eric Pérez Ochoa
Lcda. Glorimar Irene Abel
Lcda. Alexandra Casellas Cabrera

Abogado de la parte proponente-recurrida:

Lcdo. Enrique Adames Soto

Materia: Jurisdicción Apelativa: El Tribunal de Apelaciones es el foro con jurisdicción para atender el memorando de costas que dispone el Art. 20 (f) de la Ley de Alianzas Público-Privadas, 27 LPRA sec. 2619(f).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Puerto Rico Fast Ferries, LLC<br><br>Recurrido<br><br>v.<br><br>Autoridad de Alianzas Público-Privadas<br><br>Peticionaria<br><br>Autoridad de Transporte Marítimo<br><br>Recurrida<br><br>HMS Ferries, Inc.; HMSI Ferries-Puerto Rico, LLC<br><br>Proponente-Recurrido | CC-2021-164 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 4 de agosto de 2022.

Por primera vez debemos aclarar cuál es el foro con jurisdicción para atender el memorando de costas que solicite la parte prevaleciente en un procedimiento de revisión judicial al amparo del Art. 20 de la *Ley de Alianzas Público-Privadas*, Ley Núm. 29-2009, 27 LPRA sec. 2601 *et seq* (Ley de APP).

Este Tribunal resuelve que, de acuerdo con las facultades conferidas a la Autoridad de Alianzas Público-Privadas (AAPP), la exclusión expresa de las disposiciones de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 2101 *et seq.*

(LPAU), que establece el Art. 19(c) de la Ley APP, 27 LPRA sec. 2618(c) y conforme al proceso de revisión judicial instituido en el Art. 20 de Ley APP, 27 LPRA sec. 2619, el foro con jurisdicción para adjudicar el memorando de costas es el Tribunal de Apelaciones y no la entidad gubernamental participante.

I

Para abril de 2018, la AAPP realizó un *Estudio de Deseabilidad y Conveniencia* y junto a la Autoridad de Transporte Marítimo (ATM) exploraron la posibilidad de establecer una alianza público privada para la operación y el mantenimiento de los servicios de transportación marítima en Isla Grande, Vieques y Culebra. Luego de completado el estudio y de que la AAPP anunciara el requerimiento de propuestas, Puerto Rico Fast Ferries, LLC (Fast Ferries) y HMS Ferries, Inc. y HMSI Ferries-Puerto Rico, Inc. (HMS) presentaron sus propuestas. Concluidos los trámites de rigor, la AAPP notificó que seleccionó la propuesta de HMS y emitió un *Aviso de Adjudicación* mediante el cual explicó las fallas incurridas por Fast Ferries.

Oportunamente, Fast Ferries recurrió ante el Tribunal de Apelaciones para impugnar el contrato de alianza que la AAPP adjudicó a favor de HMS. Luego de varios trámites procesales, el 28 de diciembre de 2021 el foro apelativo intermedio emitió una *Sentencia* que confirmó la determinación de la AAPP fundamentado en que Fast Ferries no demostró la existencia de un error manifiesto, fraude o arbitrariedad en

la adjudicación del contrato, criterios requeridos por ley para revocar este tipo de transacciones.

A raíz del resultado, y a tenor con el Art. 20(f) de la Ley de APP, el 7 de enero de 2022 la AAPP presentó un *Memorando de costas* ante el Tribunal de Apelaciones para solicitar el pago de $20,264.73 por gastos de fotocopias, mensajería y honorarios de abogado. Sin embargo, el Tribunal de Apelaciones denegó el *Memorando de costas* tras concluir que la petición debió presentarse en la agencia recurrida, la ATM, conforme a lo dispuesto en la sec. 3.21(c) de la LPAU, 3 LPRA sec. 9661(c).

En desacuerdo, la AAPP presentó una *Moción de reconsideración* en la que expuso que el procedimiento impugnado está regulado por la Ley de APP y que, según la legislación y las particularidades del caso, la ATM era la agencia participante y la AAPP la agencia recurrida. Asimismo, esgrimió que la ley orgánica de la AAPP expresamente la exime del cumplimiento con las disposiciones de la LPAU. A pesar de los planteamientos esgrimidos, el Tribunal de Apelaciones denegó reconsiderar su dictamen.

En vista de lo anterior, la AAPP presentó el recurso de *certiorari* que nos ocupa para señalar que el foro apelativo intermedio erró al determinar que la ATM es la agencia recurrida con jurisdicción para atender el memorando de costas y que la adjudicación de la petición debe ser de acuerdo con la sec. 3.21(c) de la LPAU.

II

**A. Funciones de la Autoridad de Alianzas Público-Privadas**

La Ley de APP declara como política pública del Estado el favorecer y promover el establecimiento de alianzas público-privadas (alianzas) para la creación de proyectos prioritarios, fomentar el desarrollo y el mantenimiento de instalaciones de infraestructura, promover el mejoramiento de los servicios y las funciones del Estado. Además, el objetivo de las alianzas incluye fomentar la creación de empleos, la estimulación del desarrollo económico y la competitividad del País. De manera que, a través de estas alianzas, el Estado y el contratante comparten el riesgo que representa el desarrollo, operación o mantenimiento de los proyectos.[1]

A estos fines, la Ley de APP creó la AAPP como la única corporación pública autorizada y responsable de implementar la política pública sobre el establecimiento de las alianzas.[2]

Ahora bien, entre las funciones medulares de la AAPP se encuentra la autoridad para evaluar y seleccionar una entidad gubernamental[3] y las funciones, servicios e instalaciones en

---

[1] Art. 3 de la Ley Núm. 29-2009, conocida como la *Ley de Alianzas Público Privadas*, 27 LPRA sec. 2602. (Ley de APP).

[2] Arts. 5(a) y 6(b) de la Ley de APP, 27 LPRA secs. 2602(a) y 2605(b). En cuanto al término alianza, el Art. 2(d) de la Ley APP, 27 LPRA sec. 2601(d), la legislación precisa que es un acuerdo donde -sujeto a la política pública de la Ley de APP- una entidad gubernamental delega a un ente privado "las operaciones, [f]unciones, [s]ervicios o responsabilidades de cualquier [e]ntidad [g]ubernamental, así como para el diseño, desarrollo, financiamiento, mantenimiento u operación de una o más instalaciones, o cualquier combinación de las anteriores".

[3] El Art. 2(l) de la Ley de APP, 27 LPRA sec. 2601(l), define "Entidad Gubernamental: Cualquier departamento, agencia, junta, comisión, cuerpo, negociado, oficina, Entidad Municipal, corporación pública o instrumentalidad de la Rama Ejecutiva del Gobierno de Puerto Rico, así como de la Rama Judicial y de la Rama Legislativa, actualmente existente o que en el futuro se cree.

las que sea viable instaurar una alianza. En esa dirección, la AAPP está facultada para crear y aprobar reglamentos para regular el proceso del establecimiento de una alianza. Tras identificar y seleccionar el proyecto, la AAPP es la entidad que cualifica a los proponentes y las propuestas, selecciona la mejor de estas y negocia los contratos de alianza adjudicados y aprobados que firmarán el proponente seleccionado y la entidad gubernamental participante.[4]

Por otro lado, una entidad gubernamental participante es aquella "con inherencia directa sobre el tipo de [f]unciones, [s]ervicios o [i]nstalaciones que se someterán a un [c]ontrato de [a]lianza y la cual es o será parte de un [c]ontrato de [a]lianza".[5] En otras palabras, es el ente del Estado que -a través de un contrato de alianza- transferirá sus obligaciones para que las ejecute la entidad privada seleccionada. La intervención de la entidad gubernamental participante respecto al trámite del establecimiento de una alianza está limitada a proponer el proyecto prioritario, ser parte de la aprobación final del contrato de alianza adjudicado y, en conjunto con la AAPP, asistir en la supervisión del desempeño y cumplimiento del contrato de alianza.[6] Por lo tanto, contrario a la función de la AAPP, la

---

[4] Arts. 2(e), 5(a) Art. 6(a)(viii) Art. 6(b) de la Ley de APP, 27 LPRA secs. 2601(e), 2604(a) y 2605 (a)(viii).

[5] Art. 2(m) de la Ley APP, 27 LPRA sec. 2601(m).

[6] Véase Arts. 6(b)(ii)(F), 8(a) 9 y 10(d)de la Ley Núm. 29, 27 LPRA secs. 2606(b)(ii)(F), 2607(a), 2608 2609(d). En cuanto a la supervisión del contrato de alianza, esta se comparte con la AAPP, la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico y la entidad gubernamental participante.

entidad gubernamental participante no posee autoridad para cualificar y seleccionar proponentes y propuestas ni adjudicar contratos de alianzas.

Nótese que la encomienda de selección de propuestas y adjudicación de contratos es cónsona con la política pública de la AAPP de establecer alianzas, mejorar los servicios y las funciones del Estado y no incluye adjudicar querellas o controversias mediante las cuales se establezcan los derechos, obligaciones o privilegios de una parte tal como ocurre con las agencias administrativas autorizadas para tales escenarios.[7]

**B. Procedimiento de revisión judicial al amparo del Art. 20 de la Ley de Alianza Público-Privadas**

El Art. 20 de la Ley de APP reconoce y detalla el derecho de revisión judicial más, sin embargo, está limitado a ciertas circunstancias. En específico, el Art. 20(a) de la Ley de APP dispone que tendrá derecho a revisión judicial el solicitante que entregó toda la documentación requerida que no haya sido cualificado por el Comité de Alianzas de la AAPP. Igualmente, tiene derecho el proponente que, a pesar de que cumplió con las exigencias en ley, no resultó seleccionado[8] y

---

[7] Véase Sec. 1.3(b) de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9603 (LPAU).

[8] Según el Art. 20(a) de la Ley de APP, 27 LPRA sec. 2619(a) establece que:

> [S]ólo aquellos Proponentes que **hayan sido cualificados** para participar en el proceso de selección de propuestas, **que hayan sometido ante el Comité de Alianzas propuestas completas y todos los documentos requeridos** bajo el procedimiento establecido para la evaluación de Propuestas, **pero que no hayan sido seleccionados para la adjudicación de un Contrato de Alianza**, podrán solicitar revisión judicial de la aprobación del Gobernador o Gobernadora

desea impugnar la adjudicación del contrato de alianza aprobado por el Gobernador o el funcionario público designado por él.[9] Debe tenerse presente que "el mecanismo de reconsideración no será aplicable ante el Comité de Alianzas ni ante la Autoridad."[10] De ahí la importancia que el peticionario cumpla con el procedimiento establecido para solicitar la revisión judicial, máxime cuando, según el Art. 20(a), este trámite "reemplazará cualquier otro procedimiento o criterio jurisdiccional y de competencia que de otro modo aplicaría de conformidad con otras leyes o reglamentos aplicables".

El recurso de revisión judicial se presentará utilizando además el mecanismo de auxilio de jurisdicción ante

---

o la persona que éste o ésta delegue de un Contrato de Alianza. (Énfasis suplido).

[9] El Art. 9(h) de la Ley APP, 27 LPRA sec. 2608(h) establece lo siguiente:

La eliminación de un solicitante por el Comité de Alianzas en el proceso de solicitud de cualificación y la adjudicación del Contrato de Alianza a un Proponente estarán sujetas al proceso de revisión judicial que se dispone en el Artículo 20 de la presente Ley. **La adjudicación de un Contrato de Alianza a un Proponente estará sujeta a revisión judicial sólo cuando dicho contrato haya sido aprobado por el Gobernador o Gobernadora o la funcionaria o el funcionario en quien éste o ésta delegue.** (Énfasis suplido).

[10] Art. 20(b) de la Ley de APP, 27 LPRA 2619(b). La Regla 10.1 del *Reglamento para la licitación, evaluación, selección, negociación y adjudicación de contratos de alianzas público privadas participativas bajo la Ley Núm. 29-2009*, Reglamento Núm. 8968 de 11 de mayo de 2017 establece lo siguiente:

No Reconsideración por Parte de la Autoridad. La Autoridad no aceptará ninguna solicitud de reconsideración de cualquier decisión hecha por la Autoridad, el Comité de Alianza, el Comité Permanente, el Director Ejecutivo o cualquier Representante Autorizado relacionada al proceso de licitación establecido en la Ley o en este reglamento, incluyendo, pero sin limitarse a las decisiones relacionadas a las cualificaciones de Proponentes potenciales bajo una Solicitud de Cualificaciones o la Adjudicación de un Contrato de Alianza.

el Tribunal de Apelaciones.[11] El recurrente deberá notificar copia del recurso a la AAPP, a la entidad gubernamental participante, a los solicitantes en caso de cuestionar la cualificación o a los proponentes en caso de impugnar el contrato de alianza aprobado por el Gobernador o el funcionario designado. Estas constituyen las partes en el trámite de revisión judicial.

Si el Tribunal de Apelaciones expide el recurso[12] y, por ende, resuelve, como parte del proceso de revisión judicial,

---

[11] El primer párrafo del Art. 20(b) de la Ley de APP detalla el inicio de la solicitud de revisión judicial:

> El solicitante no cualificado o el Proponente no seleccionado tendrá un término jurisdiccional de veinte (20) días, contados a partir de la fecha del envío por correo certificado de la notificación del Comité de Alianzas o de la Autoridad, según sea el caso, de la determinación final, para presentar un recurso de revisión administrativa ante el Tribunal de Apelaciones, utilizando el mecanismo de Auxilio de Jurisdicción de dicho Tribunal.

[12] En cuanto al segundo y tercer párrafo sobre el proceso de solicitud de revisión judicial, el Art. 20(b) de la Ley de APP establece:

> El auto de revisión será expedido discrecionalmente por el Tribunal de Apelaciones. Dicho Tribunal deberá expresarse sobre el auto solicitado en un término de diez (10) días a partir de la presentación del recurso. Su decisión podrá ser la de acoger el recurso, emitiendo una resolución en la que indique que expedirá el auto solicitado, o denegarlo de plano, en cuyo caso podrá emitir una resolución no fundamentada. Si el Tribunal de Apelaciones no se expresa en los diez (10) días siguientes a la presentación del recurso o deniega la expedición del auto, comenzará a decursar un término jurisdiccional de veinte (20) días para recurrir al Tribunal Supremo de Puerto Rico, mediante recurso de certiorari. En el primero de los casos, el término comenzará a decursar el día siguiente al décimo día después de presentado el recurso ante el Tribunal de Apelaciones; mientras que si el Tribunal de Apelaciones se expresa sobre el recurso, el término comenzará a decursar a partir de la fecha de archivo en autos de copia de la notificación de la resolución, orden o sentencia, según sea el caso.
> Si el Tribunal de Apelaciones acoge el recurso, deberá emitir una determinación final dentro de los treinta (30) días de haberlo acogido. De lo contrario, el Tribunal de Apelaciones perderá jurisdicción y el término de veinte (20) días para recurrir al Tribunal Supremo comenzará a decursar al día siguiente de cumplidos dichos treinta (30) días.

el inciso (f) del Art. 20 de la Ley de APP establece lo siguiente:

> (f) *Pago de Honorarios*. — **La parte no prevaleciente** tras un **procedimiento de revisión judicial bajo el Artículo 20(b) [Solicitud de revisión judicial] sufragará los gastos en que hayan incurrido las demás partes involucradas en dicho procedimiento** y las cantidades de estos gastos podrán deducirse, compensarse o retirarse de cualquier carta de crédito o fianza provista [con] relación al proceso de revisión judicial.[13]

Ciertamente, la Ley de APP estableció un mecanismo particular para el solicitante o el proponente con derecho a recurrir en revisión judicial y que el trámite instituido reemplaza cualquier otro procedimiento que, de conformidad con otras leyes o reglamentos, aplicaría. En ese mismo contexto, la legislación expresamente eximió a la AAPP de la aplicación de todas las disposiciones de la LPAU en cuanto a todos "los procedimientos y las actuaciones sobre aprobación de reglamentos, determinación de proyectos para el establecimiento de Alianzas, **selección de propuestas y adjudicaciones de Contratos de Alianza**".[14]

Con relación a lo anterior debemos apuntalar que la Sec. 3.21 de la LPAU postula que una agencia administrativa con función cuasijudicial podrá "[i]mponer costas y honorarios de abogados, en los mismos casos que dispone la Regla 44 de Procedimiento Civil, [32 LPRA Ap. V]." Sin embargo, el Art. 19(e) de la Ley de APP, 27 LPRA sec. 2816(e) establece

---

[13] 27 LPRA sec. 2619(f) (Énfasis suplido) (Bastardilla en el original).

[14] Art. 19(c) de la Ley de APP, 27 LPRA 2618(c).

que toda entidad gubernamental que participe en una alianza le aplicarán las disposiciones reglamentarias aprobadas conforme a la Ley de APP.[15] Al evaluar el *Reglamento para la licitación, evaluación, selección, negociación y adjudicación de contratos de alianzas público privadas participativas bajo la Ley Núm. 29-2009*, Reglamento Núm. 8968 de 11 de mayo de 2017, observamos que la Regla 10.2 postula que "la revisión judicial de las determinaciones hechas por el Comité de Alianza, el Comité Permanente, la [AAPP] y/o cualquier otra persona bajo el Artículo 9(g) [-Aprobación del Contrato de Alianza y Preparación del Informe] de la Ley, se regirá por las disposiciones del Artículo 20 de la Ley".

De lo anterior se colige que la entidad gubernamental que participe de una alianza también está sujeta a la inaplicabilidad de las disposiciones de la LPAU sobre la cualificación de propuestas y adjudicación de contratos de alianza que realice la AAPP.

III

En este caso, el foro apelativo intermedio se declaró sin jurisdicción para atender el *Memorando de costas* que presentó la AAPP porque, según expuso, la ATM, como agencia

---

[15] El Art. 19(e) de la Ley de APP, 27 LPRA sec. 2618(e) establece lo siguiente:

(e) Exención de Ciertos Requisitos de Contratación Gubernamental. — Se exime a toda Entidad Gubernamental que participe en una Alianza, de cumplir con las disposiciones sobre la contratación y licitación o subasta contenidas en su Ley Orgánica, leyes especiales pertinentes o cualquier reglamento correspondiente, incluyendo cualquier obligación o requisito de contratar o licitar a través de la Administración de Servicios Generales. Con relación a una Alianza, sólo aplicarán las disposiciones del reglamento adoptado por la Autoridad al amparo de esta Ley. […]

recurrida, debía resolverlo conforme a la sec. 3.21(c) de la LPAU.

Como mencionáramos, tal como permite el Art. 20(a) de la Ley de APP, Fast Ferries impugnó ante el Tribunal de Apelaciones el contrato de alianza que adjudicó la AAPP a favor de HMS. En otras palabras, recurrió de la determinación de la AAPP. Acorde con el marco legal esbozado, la AAPP es la única agencia responsable de llevar a cabo el procedimiento de adjudicación del contrato de alianzas. Entretanto, la ATM es la entidad gubernamental participante que transfirió las obligaciones pactadas en el contrato de alianza que adjudicó la AAPP. Así que, la privatización de un servicio que ofrece la ATM o la intervención que esta tuvo en el establecimiento de una alianza no la convierte, como resolvió el foro, en la agencia recurrida.

Resuelto ese asunto, el foro apelativo intermedio erró al concluir que el memorando de costas debía adjudicarse conforme al trámite provisto en la Sec. 3.21(c) de la LPAU. De acuerdo con la Ley de APP, al proceso de adjudicación de un contrato de alianzas no le aplican las disposiciones de la LPAU. Según intimamos, por la naturaleza y las funciones de la AAPP, la Ley de la APP ofrece un marco procesal distinto al que, de ordinario, ejecutan otras agencias gubernamentales reguladas por la LPAU.

Una lectura integrada de la Ley de APP nos lleva a concluir que, conforme a las funciones de la AAPP, la inaplicabilidad de las disposiciones de la LPAU y el

procedimiento de revisión judicial que postula el Art. 20 de la Ley de APP, el foro con jurisdicción para atender el *Memorando de costas* que establece el Art. 20(f) es el Tribunal de Apelaciones y no la ATM. Así las cosas, procede que el foro apelativo intermedio evalúe los méritos de los argumentos esgrimidos por las partes respecto a qué partidas constituyen el "pago de honorarios" que dispone el Art. 20(f) y, una vez definido el alcance, declarar "ha lugar" el *Memorando de costas*.

## IV

Por los fundamentos expuestos, se revoca la determinación del Tribunal de Apelaciones y se devuelve el caso a dicho foro para que atienda el *Memorando de costas* conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Puerto Rico Fast Ferries, LLC<br><br>Recurrido<br><br>v.<br><br>Autoridad de Alianzas Público-Privadas<br><br>Peticionaria<br><br>Autoridad de Transporte Marítimo<br><br>Recurrida<br><br>HMS Ferries, Inc.; HMSI Ferries-Puerto Rico, LLC<br><br>Proponente-Recurrido | CC-2021-164 | Certiorari |

SENTENCIA

En San Juan, Puerto Rico, a 4 de agosto de 2022.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca la determinación del Tribunal de Apelaciones y se devuelve el caso a dicho foro para que atienda el *Memorando de costas* conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no interviene. El Juez Asociado señor Colón Pérez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo